The Honorable Bruce Hawkins State Representative 211 East Church Street Morrilton, AR 72110-3419
Dear Representative Hawkins:
This is in response to your request for an opinion regarding an ordinance adopted by the Conway County Quorum Court. The ordinance is entitled:
 An Ordinance to Require the Conway County Fire Department Board to Reimburse County General for Their Worker's Compensation Premium, Line Item 10 — Worker's Compensation, Attachment V of Ordinance 91-1.
The question posed is whether this ordinance is in fact an appropriation ordinance.
It is my opinion, based upon a review of the ordinance itself, which is the only information available to us, that this is not an appropriation ordinance. A county appropration ordinance is defined under A.C.A. § 14-14-907(a)(1) as follows:
 An appropriation ordinance or an amendment to an appropriation ordinance is defined as a measure by which the county quorum court designates a particular fund, or sets apart a specific portion of county revenues in the treasury, to be applied to some general object of expenditure or to some individual purchase or expense of the county.
All appropriation ordinances must be designed: "appropriation ordinance." A.C.A. § 14-14-907(e).
We cannot conclude, following a review of the ordinance in light of the above provisions, that the quorum court intended to adopt an appropriation measure. The title indicates, as noted in your correspondence, that the ordinance rquires the Conway County Fire Department Board to reimburse the county general fund for amounts appropriated under Line Item 10 of Attachment V of Ordinance 91-1. Ordinance 91-1 presumably appropriated funds for paying the fire department's worker's compensation premium. This reimbursement requirement is not the equivalent of an appropriation. The quorum court has not, by virtue of this ordinance, designated a particular fund or set apart a specific portion of county revenue. See A.C.A. § 14-14-907(a)(1),supra. Nor has it specified any amount in dollars and cents, as required under A.C.A. § 14-20-103 (Supp. 1989). Rather, it has simply required reimbursement by the Fire Department Board of the worker's compensation premium paid by the county on its behalf.See Section 3 of te Ordinance. The Ordinance also imposes, under Section 4, a documentation requirement in connection with applications for worker's compensation.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb